**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILSON EGWUENU, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:09-cv-1026-WTL-TAB |
| | ) |
| ROBERT S. MUELLER III, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The court will examine the sufficiency of the second amended complaint (dkt 30) under conventional standards, notwithstanding the fact that it was filed beyond the date specified in the Entry of September 17, 2009.

2.  Plaintiff Egwuenu was directed to replead in this case because his complaint violated the "plain and simple statement" requirement of Rule 8(a) of the *Federal Rules of Civil Procedure* and violated the misjoinder of claims prohibition in Rule 19. Violation of the former rule in this instance left the complaint lacking facial plausibility, *i.e.,* "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), while violation of the latter required that the complaint be "rejected." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Unfortunately, the second amended complaint cures neither of these deficiencies and for the reasons just identified, is both legally insufficient and "rejected."[1]

---

[1] The flavor of the plaintiff's concerns is captured in the following passage, taken from pp. 1-2 of his *motion for relief from judgment* filed on December 29, 2009:

> a. . . . [S]ince 1982, that is basically all Plaintiff's adult life, he has been and continued to be exploited over and over[ ] again. For example, on or about May 1982, a Federal agent falsified a document and made it to appear as if the document originated from the Plaintiff. Exhibit "A-1" of Plaintiff's Original Petition. Again, on November 12, 1996, Plaintiff applied for a title history to the vehicle that the co-conspirator defrauded from him in preparation of a lawsuit to recover[ ] his vehicle. However, Judy A. Sero of Texas Dept. Of Transportation gave Plaintiff's title history to the Co-conspirators.
>
> b. On paragraph "g" of Plaintiff's Original Petition, Plaintiff informed the Court that late 2000, he filed a complaint with Texas Commission on judicial Conduct agaisnt a Judge Chambers who he believed aided the conspirators to defraud him; and within days of filing this complaint, Judge Chambers died mysteriously.

   3. Because Egwuenu has failed to cure the defects of his complaint after being provided notice of them and ample opportunity to do so, the action will now be dismissed. The dismissal shall be without prejudice.

   4. Egwuenu's motion for guidelines (dkt 33) is **denied as moot**.

**IT IS SO ORDERED.**

Date: 01/13/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

Exhibit "K & M" of Plaintiff's Original Petition.

c. On August 20, 2008, Plaintiff was refused services at Wal-Mart store. The clerk stated that certain Govt. agent instructed her not serve Plaintiff.

d. On about October 26, 2008, Champaign County and Urbana Police Dept. suspended Plaintiff's Drivers' license as Plaintiff was about to leave Illinois because of intense harassment. Plaintiff's license was suspended despite the fact that Illinois States Attorney's Office has Plaintiff's active automobile insurance card on file. In addition, Urbana Police Dept. has illegally entered and search Plaintiff's place of residence without warrant in multiple occasions.

e. United States Postal Service Mail Carrier has in multiple occasions intentional withheld Plaintiff's mail. Exhibit "B," "H" & "J", of Plaintiff's Original Petition.

g. On paragraph 2 of Plaintiff's Motion for Relief from Judgment filed on September 28, 2009, Plaintiff showed the Court how he was and continue to be interfered and sabotaged in his effort to gather evidence and effort to gather evidence and effort to retain a counsel.

f. On paragraph 2a of Plaintiff's Original Petition, he informed the court that the conspirators engaged and continue to engage[] in acts that are reminiscence of mafia family. This brief example illustrate how Plaintiff was and still being stalked, sabotaged, and exploited.